UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                                   **MEMORANDUM OPINION AND ORDER**

Miguel Martinez,                         Criminal No. 06-379(04)

    Defendant/Petitioner.

---

    Chris S. Wilton, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner, *pro se*.

---

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

**I.     Factual Background**

On March 1, 2007, Petitioner entered into a plea agreement with the government by which he agreed to enter a plea of guilty to a single-count Information, charging him with knowingly possessing with the intent to distribute approximately 146.38 grams of "actual" methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a). Plea Agreement ¶2. The parties

1

agreed that the total offense level was 29, and that the Petitioner's criminal history category was either II or III. Id. ¶ 11. The parties also agreed that the count of conviction carried a mandatory minimum sentence of 120 months. Id. ¶3. As a part of the Plea Agreement, Petitioner waived his right to appeal the sentence under 18 U.S.C. § 3742, provided that the Court sentenced him to 135 months or less. Id. ¶16.

At sentencing, Petitioner argued that he was a minor participant and was entitled to a two-level reduction to the total offense level, resulting in a guideline range of 87 to 108 months (total offense level 27, criminal history category III). Petitioner acknowledged, however, that he was subject to the 120 month mandatory minimum sentence. The Court nonetheless rejected the argument that Petitioner was entitled to a minor role reduction. Petitioner was thereafter sentenced to 120 months in prison. He did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals.

Petitioner brings this petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that he is entitled to relief because he received ineffective counsel and his sentence was in excess of the maximum authorized by law, among other arguments.

## II. Discussion

### A. Statute of Limitations

A petition pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Petitioner's criminal judgment was entered on March 18, 2008. Despite Petitioner's waiver of his appeal rights, the judgment became final ten days after the entry of judgement, or the date on which Petitioner could no longer file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2008); see also Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 ("Because [defendant] . . . did not file a

direct appeal, his conviction became final . . . when the . . . period for filing a notice of appeal expired.") Petitioner's judgment therefore became final on April 1, 2008. To fall within the statute of limitations, Petitioner needed to file his motion under Section 2255 by April 1, 2009. See 28 U.S.C. § 2255(f). Instead, Petitioner filed the instant Petition on June 6, 2011, more than two years after the expiration of the statute of limitations.

The Court may extend the statute of limitations when "extraordinary circumstances" prevent a defendant from filing and the defendant has diligently pursued his rights. United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005). Here, Petitioner has not alleged such circumstances or demonstrated that he has diligently pursued the filing of a Section 2255 motion. Although Petitioner has raised an argument about the effectiveness of his counsel, he has not done so with regard to the statute of limitations and, regardless, "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." Martin, 408 F.3d at 1093. Accordingly, Petitioner's Section 2255 is time-barred and must be dismissed.

### III. Certificate of Appealability

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); see also Fed. R. App. P. 22.  In order for a certificate of appealability to issue, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based on the files, records, and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 427] is **DENIED;** the Government's Motion to Dismiss [Doc. No. 429] is **GRANTED**.  The Court denies a certificate of appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date:   October 30, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court